IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00624-REB-BNB

JAMES PAGE,

Plaintiff,

v.

MARK FURMER,
JUDY BULLARD,
GARY GOLDER,
MICHAEL GILBERT, and
ANTHONY A. DECESARO,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant DeCesaro's Motion for Summary Judgment or in the Alternative Motion to Dismiss Complaint** (the "Motion"), filed on June 28, 2005. I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of Claims One and Two as against defendant DeCesaro. I further RECOMMEND that the Court decline to exercise supplemental jurisdiction over Claim Three, and that Claim Three be DISMISSED WITHOUT PREJUDICE.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendant submits his motion as a motion for summary judgment, or in the alternative, motion to dismiss. The defendant provides no evidence in support of his motion, nor do I consider any evidence. Therefore, I construe the motion solely as a motion to dismiss.

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility ("SCF"). He filed his Complaint on April 5, 2005. The Complaint alleges three claims for relief. All three claims are based on the defendants' alleged failure to provide the plaintiff with dentures in a timely manner. The Complaint makes the following allegations with regard to defendant DeCesaro:

Defendant DeCesaro is a Step III Grievance Officer. *Complaint*, third consecutive page. The plaintiff filed a Step III grievance on September 27, 2004, complaining of the delay in his dental care. Id. at seventh consecutive page, ¶ 29. Defendant DeCesaro responded to the grievance by stating the following:

> In review of this matter I have found that unfortunately you do not currently meet the qualifications for dentures under the AR. You need at least twelve months prior to parole hearing, before dentures

> will be fabricated. You were working with dental to achieve this
> goal but you cancelled an appointment in July of last year and
> didn't submit any kites for treatment while most of this grievance
> was pending. Dental does not schedule appointments from
> grievances, only from kites. In this case if you are denied parole in
> August you can re-submit a request for dentures. I therefore
> cannot recommend any relief in this matter.

Id. at fifteenth consecutive page.

The plaintiff claims that defendant DeCesaro "had ample opportunity to act on asked relief in step #3 grievance failed [sic] to execute his authority, and abused his discretion contributing to the treatment of deliberate indifference." Id. at seventh consecutive page, ¶ 31.

### III.  ANALYSIS

#### A.  Judicial Immunity

Defendant DeCesaro asserts that the claims against him must be dismissed because he is entitled to judicial immunity. Certain officials who perform adjudicatory functions within a federal agency are entitled to judicial immunity. Butz v. Economou, 438 U.S. 478, 508 (1978). "Although a qualified immunity from damages liability should be the general rule for executive officials charged with constitutional violations, our decisions recognize that there are some officials whose special functions require a full exemption from liability." Id. In determining that agency officials performing certain functions are entitled to judicial immunity, the Supreme Court considered the safeguards built into the judicial process which reduce the need for damages actions as a means to control unconstitutional conduct:

> The insulation of the judge from political influence, the importance
> of precedent in resolving controversies, the adversary nature of the
> process, and the correctability of error on appeal are just a few of
> the many checks on malicious action by judges. Advocates are
> restrained not only by their professional obligations, but by the

3

>knowledge that their assertions will be contested by their adversaries in open court. Jurors are carefully screened to remove all possibility of bias. Witnesses are, of course, subject to the rigors of cross-examination and the penalty of perjury. Because these features of the judicial process tend to enhance the reliability of information and the impartiality of the decisionmaking process, there is a less pressing need for individual suits to correct constitutional error.

Id. at 512.

The Court further explained:

>We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages. The conflicts which federal hearing examiners seek to resolve are every bit as fractious as those which come to court. As the Bradley opinion points out: "When the controversy involves questions affecting large amounts of property or relates to a matter of general public concern, or touches the interests of numerous parties, the disappointment occasioned by an adverse decision, often finds vent in imputations of [malice]." Moreover, federal administrative law requires that agency adjudication contain many of the same safeguards as are available in the judicial process. The proceedings are adversary in nature. They are conducted before a trier of fact insulated from political influence. A party is entitled to present his case by oral or documentary evidence, and the transcript of testimony and exhibits together with the pleadings constitute the exclusive record for decision. The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record.

Id. at 513 (citations omitted).

The Tenth Circuit Court of Appeals has determined that, under Butz, absolute immunity is granted to "administrative officials performing functions analogous to those of judges and prosecutors if the following formula is satisfied: (a) the officials' functions must be similar to those involved in the judicial process, (b) the officials' actions must be likely to result in damages

4

lawsuits by disappointed parties, and (c) there must exist sufficient safeguards in the regulatory framework to control unconstitutional conduct." Horowitz v. State Board of Medical Examiners, 822 F.2d 1508, 1513 (10th Cir. 1987).

As a Step III Grievance Officer, defendant DeCesaro's job duties are to "review, investigate, and respond in the final disposition of an offender's grievance." DOC Administrative Regulation No. 850-04, § IIIE.[1]  A grievance is a written complaint by an inmate on the inmate's own behalf "regarding a policy, condition, or an incident pertaining to the offender's confinement." Id. at § IIID.  Mr. DeCesaro's review of Step III grievances does not involve an adversarial process and is not characteristic of the judicial process.  I respectfully RECOMMEND that defendant DeCesaro's Motion be DENIED insofar as it seeks dismissal of defendant DeCesaro on the basis of judicial immunity.

### B.  Claims One and Two

Claims One and Two are brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Claim One alleges "deliberate indifference" and Claim Two alleges "cruel and unusual punishment."  I construe Claims One and Two to be a claim for violation of the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

---

[1] I may take judicial notice of administrative regulations.  Fed.R.Evid. 201.

An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The Complaint's only allegations against defendant DeCesaro are based on his denial of the plaintiff's Step III grievance. The plaintiff does not allege that defendant DeCesaro in any way caused or participated in the delay of his dental treatment. Defendant DeCesaro cannot be held liable for an alleged constitutional violation for which he was not directly responsible.

I respectfully RECOMMEND that Motion be granted insofar as it seeks dismissal of Claims One and Two as against defendant DeCesaro.

### B. Claim Three

Claim three alleges "medical negligence." I construe this claim solely as a state-law-based tort claim. This Court may decline to exercise supplemental jurisdiction over the plaintiff's state tort claim when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's constitutional claim is without merit, I recommend that the Court decline to exercise supplemental jurisdiction over the remaining state tort claim.

I respectfully RECOMMEND that Claim Three be DISMISSED WITHOUT

6

PREJUDICE.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant DeCesaro's Motion for Summary Judgment or in the Alternative Motion to Dismiss Complaint be GRANTED to the extent it seeks dismissal of Claims One and Two as against defendant DeCesaro.

I further RECOMMEND that the Court decline to exercise supplemental jurisdiction over Claim Three, and that Claim Three be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 10, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge